UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLOS ORTIZ,

       Petitioner,

v.                                       Case No:  2:14-cv-251-FtM-38CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.[1]

_____/

**OPINION AND ORDER[2]**

This matter comes before the Court upon an amended petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 by Carlos Ortiz ("Petitioner"), a prisoner presently confined at the Calhoun Correctional Institution in Blountstown, Florida (Doc. 1, filed December 11, 2013).  Petitioner, proceeding *pro se*, attacks an October 21, 2009 conviction entered by the Twentieth Judicial Circuit Court in Lee County, Florida for

---

[1]  When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004)(citations omitted).  In Florida, the proper respondent in this action is the Secretary of the Florida Department of Corrections. Therefore, the Florida Attorney General will be dismissed from this action.

[2]  Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

burglary. *Id.*   Respondent filed a response to the amended petition (Doc. 11).   Despite being granted an opportunity to do so (Doc. 15), Petitioner filed no reply.

Petitioner raises three claims in his petition.   Upon due consideration of the pleadings and the record, each claim is dismissed or denied.   Because the petition can be resolved on the basis of the record, an evidentiary hearing is not warranted.   *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing).

I.   **Background**

On June 4, 2009, Petitioner was charged by information with burglary of a dwelling (Ex. 1 at 9).   On October 21, 2009, he pleaded *nolo contendere* and was sentenced as a prison release reoffender to a mandatory prison term of fifteen years (Ex. 1 at 38-62). Petitioner did not reserve any issues for direct appeal.

Petitioner was granted a belated appeal, and his appellate counsel filed an *Anders* brief[3] in which she concluded that there were no meritorious bases for appeal (Ex. 2). Petitioner did not file a *pro se* appellate brief.   Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 5); *Ortiz v. State*, 68 So. 3d 243 (Fla. 2d DCA 2011).

On February 21, 2012, Petitioner filed an amended motion pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure ("Rule 3.850 motion") raising one claim of ineffective assistance of counsel (Ex. 10). The post-conviction court denied the Rule

---

[3] *Anders v. California*, 386 U.S. 738 (1967) (an appellate attorney's motion to withdraw from the appeal of a criminal case because of a belief that there are no non-frivolous grounds for appeal must be accompanied by a brief outlining the case and any potential grounds for appeal).

3.850 motion, and Florida's Second District Court of Appeal *per curiam* affirmed (Ex. 13; Ex. 17); *Ortiz v. State*, 68 So. 3d 243 (Fla. 2d DCA 2011).

Petitioner signed the instant amended petition on May 30, 2014 (Doc. 1).

**II.      Governing Legal Principles**

   **A.      Standard of Review Under the Antiterrorism Effective
            Death Penalty Act ("AEDPA")**

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   This standard is both mandatory and difficult to meet.   *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014).   A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.   *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008).   Notably, a state court's violation of state law is not sufficient to show that a petitioner is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1, 16 (2010).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issued its decision. *White*, 134 S. Ct. at 1702; *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).   That said, the Supreme Court has also explained that "the lack of a Supreme Court decision on nearly identical facts does not by itself mean that there is no clearly established federal law,

since 'a general standard' from [the Supreme Court's] cases can supply such law." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).   State courts "must reasonably apply the rules 'squarely established' by [the Supreme] Court's holdings to the facts of each case. *White*, 134 S. Ct. at 1706 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)).

Even if there is clearly established federal law on point, habeas relief is only appropriate if the state court decision was "contrary to, or an unreasonable application of," that federal law. 29 U.S.C. § 2254(d)(1).   A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406).   The petitioner must show that the state court's ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 134 S. Ct. at 1702 (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)).   Moreover, "it is not an unreasonable application of clearly established Federal law for a state court to

decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." *Knowles*, 556 U.S. at 122.

Finally, when reviewing a claim under § 2254(d), any "determination of a factual issue made by a State court shall be presumed to be correct[,]" and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Miller–El v. Cockrell*, 537 U.S. 322, 340 (2003) ("a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding") (dictum); *Burt v. Titlow*, 134 S. Ct. 10, 15-16 (2013) (same).

### B.    Standard for Ineffective Assistance of Counsel

In *Strickland v. Washington*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. 466 U.S. 668, 687-88 (1984).   A petitioner must establish that counsel's performance was deficient and fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense. *Id.*   This is a "doubly deferential" standard of review that gives both the state court and the petitioner's attorney the benefit of the doubt. *Burt*, 134 S. Ct. at 13 (citing *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011)).

The focus of inquiry under *Strickland*'s performance prong is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688-89.   A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," applying a "highly deferential" level of judicial scrutiny. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at

690).   In reviewing counsel's performance, a court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.   Indeed, the petitioner bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable[.]" *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006).

As to the prejudice prong of the *Strickland* standard, Petitioner's burden to demonstrate prejudice is high. *Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002). Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.   That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.   When a conviction results from a guilty plea, a convicted defendant satisfies S*trickland*'s "prejudice" requirement by proving that but for counsel's errors, the defendant would not have pleaded guilty, and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### C.   Exhaustion and Procedural Default

The AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless a petitioner has exhausted all means of available relief under state law.   Exhaustion of state remedies requires that the state prisoner "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)). The petitioner must apprise the state court of the federal constitutional issue, not just the

underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).   In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if a petitioner has failed to exhaust state remedies and the state court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims). Finally, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman*, 501 U.S. at 750.   If a petitioner attempts to raise a claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994).

Procedural default will be excused only in two narrow circumstances.   First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.   "To establish cause for a procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999) (internal quotation marks omitted).   To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The second exception, known as the fundamental miscarriage of justice, only occurs where a "constitutional violation has probably resulted in the conviction of one who

is actually innocent[.]" *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).   Actual

innocence means factual innocence, not legal insufficiency.   *Bousley v. United States,*

523 U.S. 614, 623 (1998).   To meet this standard, a petitioner must "show that it is more

likely than not that no reasonable juror would have convicted him" of the underlying

offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995).   In addition, "[t]o be credible, a claim

of actual innocence must be based on [new] reliable evidence not presented at trial."

*Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

III.   **Analysis**

    **A.   Claim One**

    Petitioner asserts that the claims he raised on direct appeal were never

adjudicated on the merits.   Specifically, he states:

> The facts in this case provide that a *per curiam* affirmance has
> no precedential value and is not an adjudication on the merits.
> Florida Second District Court of Appeal issued decisions
> affirming the rulings of the trial court without opinion and
> without a merits-based analysis of the federal constitutional
> claims, and thus its *per curiam* affirmance do not constitute
> adjudication on Petitioner's claim.

(Doc. 6 at 5).   The record does not show that Petitioner raised any claims on direct

appeal.   Rather, appellate counsel, noting that Petitioner had pleaded guilty, filed a brief

concluding that: (1) the state trial court had jurisdiction; (2) the state did not violate the

plea agreement; (3) Petitioner did not file a motion to withdraw his plea; and (4) Petitioner

did not receive an illegal sentence (Ex. 2 at 4-5) (citing *Counts v. State*, 376 So. 2d 59

(Fla. 2d DCA 1979) (enumerating the grounds upon which a defendant may appeal a

guilty plea)).   Appellate counsel also noted that Petitioner had not reserved the right to

appeal any particular issue. *Id.* at 5.

The Second District Court of Appeal issued an order recognizing that counsel had filed a brief asserting no arguable merit (Ex. 3).   Petitioner was directed to file an additional brief within thirty days "calling the court's attention to any matters he feels should be considered in connection with this appeal[.]" *Id.*   Petitioner filed no brief. Because Petitioner raised no grounds on direct appeal, the state appellate court's rejection of his claims could not have been contrary to, or an unreasonable application of, clearly established federal law or based upon an unreasonable determination of the facts. Claim One is denied pursuant to 28 U.S.C. § 2254(d).

### B.    Claim Two

Petitioner asserts that fundamental error occurred when his landlord illegally allowed the police into his rented house where he was arrested in violation of his Fourth, Sixth, and Fourteenth Amendment rights (Doc. 6 at 7).   Respondent maintains *inter alia* that *Stone v. Powell*, 428 U.S. 465 (1976), bars this Court from considering Petitioner's Fourth Amendment claim.   Indeed, the *Stone* court held that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at his trial." 428 U.S. at 494. *Stone* contemplated a situation in which the Fourth Amendment claim at issue had been "rejected by two or more tiers of state courts." *Id.* at 491. This language strongly suggests that a basic premise of *Stone*'s analysis is that a prisoner has actually presented his Fourth Amendment claim to the state courts before raising them again in a habeas corpus proceeding.   Both petitioners in *Stone* had raised their search and seizure claims at trial and on appeal in state court.   In contrast, Petitioner did not raise this Fourth Amendment

claim in state court.   Therefore, *Stone* is inapplicable to the instant facts.   However, this Court declines to consider Claim Two for other reasons.

First, Petitioner's claim of trial court error is unexhausted and procedurally barred from federal habeas review because he did not raise this claim on direct appeal or in a state habeas petition.   Petitioner has not demonstrated (or even alleged) cause for the procedural default or actual prejudice resulting from the constitutional errors.   Nor has Petitioner referenced any actual "new reliable evidence" to establish his innocence as a matter of fact.   Consequently, he falls short of the showing necessary to fit within the actual-innocence exception under *Schlup*.

Next, at his plea colloquy, Petitioner acknowledged he understood that, by entering a plea, he waived his right to appeal any issue except for the jurisdiction of the court and the legality of his sentence (Ex. 1 at 41).   A thorough colloquy was conducted, including a determination that Petitioner was competent at the time he entered a plea, a list of the rights he was giving up by entering a plea, and the maximum and minimum sentences he faced. *See* Ex. 1 at 38-62, Plea Colloquy.   A voluntary and intelligent plea of guilty or nolo contendere forecloses federal collateral review of alleged constitutional errors preceding the entry of the plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992).   Petitioner does not contend, and the record does not support a conclusion, that Petitioner appeal waiver was not voluntary and intelligently made.

Because Claim Two is unexhausted and because Petitioner waived his right to appeal this issue, Petitioner is foreclosed from raising this claim on federal habeas review. Claim Two is dismissed as unexhausted and procedurally barred.

## C.     Claim Three

Petitioner asserts that counsel was ineffective for failing to inform him that his arrest was illegal because the police had no arrest warrant and his landlord illegally let them into his apartment where he was arrested (Doc. 6 at 8). Petitioner argues that his landlord's assertion in the police statement that he allowed the police to enter Petitioner's apartment to conduct a well-being check was merely a pretext.   Petitioner asserts that he explained this to his defense counsel prior to entering a plea (Ex. 10).

Petitioner raised this claim in his Rule 3.850 motion where it was denied by the post-conviction court:

> In his motion, Defendant alleges that counsel was ineffective for failing to explain the impact of a warrantless arrest to Defendant prior to his accepting the plea.     Specifically, Defendant alleges that police did not have a warrant to arrest Defendant, therefore, his landlord could not have given the police consent to enter the apartment.   In addition, Defendant alleges that counsel provided incompetent representation at a preliminary hearing.
>
> The State submits and the record shows that no preliminary hearing took place. Therefore, counsel could not have been ineffective in his representation at the non-existent hearing. Furthermore, Defendant cannot show prejudice.   Even if Defendant's landlord should not have allowed the officers into the residence to arrest Defendant and the charges were dismissed, the police could have arrested Defendant again for the same charges and the State could have filed the charges again.   There was no evidence or contraband found as a result of the arrest that would have been subject to the exclusionary rule or a motion to suppress.   Moreover, Defendant left his fingerprints at the point of entry into the [burgled] house.
>
> In any event, Defendant's allegation is an attempt to go behind the plea. Gidney v. State, 925 So. 2d 1076, 1077 (Fla. 4th DCA 2006).   A defendant who has been convicted pursuant to a plea cannot raise issues in a 3.850 motion, which were known to him prior to the plea. Id. See also Jauregui v. State, 652 So. 2d 898 (Fla. 3d DCA 1995) (finding that a plea cuts off inquiry into all issues, except for those expressly preserved

for appeal, and issues regarding jurisdiction, legality of the sentence, failure of the State to abide by the plea agreement, and the voluntary and intelligent nature of the plea). Furthermore, defendants are bound by their statements under oath and are not entitled to have their plea set aside by subsequently claiming the plea was involuntary based on their own allegedly perjured testimony during the plea. Henry v. State, 920 So. 2d 1245, 1246 (Fla. 5th DCA 2006). Defendant was aware of this issue prior to the plea, therefore, he cannot raise it to avoid the consequences of his plea. Based on the foregoing, the Court finds that Defendant has failed to meet his burden under Strickland or Hill.

(Ex. 13 at 2-3) (internal citations to the record omitted). The post-conviction court's denial of this claim was affirmed by Florida's Second District Court of Appeal (Ex. 17). Petitioner does not explain how the state courts' rejection was contrary to, or an unreasonable application of, *Strickland*.   Presumably, Petitioner believes that, had counsel filed a pre-plea motion based upon the police's allegedly illegal entry into his apartment, his case would have been dismissed and he would have been immune from further prosecution.   However, a review of relevant Fourth Amendment law pertaining to illegal arrests does not support such a conclusion.

In *Payton v. New York*, 445 U.S. 573 (1980), the Supreme Court held that the Fourth Amendment requires police to possess a warrant (or exigent circumstances), before entering a suspect's residence to effect his arrest. *Id.* at 602-03.   Therefore, in Petitioner's case, the police may have violated the Fourth Amendment if, as he suggests, the well-being check was merely a pretext to enter his apartment to arrest him.   *See Hoffa v. United States*, 385 U.S. 293, 301 (1966) ("The Fourth Amendment can certainly be violated by guileful as well as by forcible intrusions into a constitutionally protected area.").   However, Petitioner does not explain how his case or his plea would have changed had counsel explained the impact of the warrantless arrest.

In *New York v. Harris*, 495 U.S. 14 (1990), the police effectuated Harris'
warrantless arrest by entering his home without his consent. The Supreme Court
remarked that, "arresting Harris in his home without an arrest warrant violated the Fourth
Amendment." *Id.* at 17. The Court, however, declined to apply the exclusionary rule. The
Court held that "where the police have probable cause to arrest a suspect, the
exclusionary rule does not bar the State's use of a statement made by the defendant
outside of his home, even though the statement is taken after an arrest made in the home
in violation of *Payton.*" *Id.* at 21. The Supreme Court reasoned:

> Nothing in the reasoning of [*Payton*] suggests that an arrest
> in a home without a warrant but with probable cause somehow
> renders unlawful continued custody of the suspect once he is
> removed from the house. There could be no valid claim here
> that Harris was immune from prosecution because his person
> was the fruit of an illegal arrest. Nor is there any claim that the
> warrantless arrest required the police to release Harris or that
> Harris could not be immediately rearrested if momentarily
> released.

495 U.S. at 17-18 (citations omitted).   As noted by the post-conviction court, Petitioner's
fingerprints were found on the door of the victim's home (Ex. 13 at 3).   Therefore, the
police had probable cause for an arrest; Petitioner does not assert otherwise.   The
existence of probable cause to arrest Petitioner justified his continued custody following
removal from his home.   Petitioner does not now assert that any evidence was seized as
a result of the allegedly illegal entry.   Therefore, even had counsel filed a pre-plea motion
or informed Petitioner that his initial arrest was illegal, such an argument would have
availed Petitioner nothing, as the clear holding of *Harris* provides that he would not have
been immunized from prosecution merely because his arrest was illegal.

In light of the foregoing, Petitioner cannot satisfy either prong of *Strickland.*
Reasonable counsel could have concluded that a *Payton* claim would have been futile

since no evidence was gathered from the allegedly illegal entry of Petitioner's apartment, and Petitioner would merely have been re-arrested had such claim been raised.   An attorney does not act unreasonably in refusing to consider or raise issues that lack merit. *United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) ("[I]t goes without saying that counsel is not ineffective for failing to file a meritless suppression motion.").

Likewise, Petitioner has not demonstrated a reasonable probability that he would have pleaded not-guilty and insisted on a trial had counsel explained to him that, although his initial arrest may have been illegal, it had no effect on his continued detention.   At the plea colloquy, Petitioner told the court that he accepted the fifteen-year plea offer because it was in his best interest to do so.   Petitioner told the court, "I am 50 years old. I cannot gamble to do 30 years. I could not complete 30 years." (Ex. 1 at 54).   Accordingly, it was Petitioner's fear of receiving thirty years in prison, not his belief that his arrest was legal, which prompted him to accept the plea offer.   Petitioner has not demonstrated prejudice under *Hill v. Lockhart*.   Claim Three is denied pursuant to 28 U.S.C. § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    <u>Certificate of Appealability</u>[4]

Petitioner is not entitled to a certificate of appealability.   A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).   Rather, a district court must first issue a certificate of

---

[4] Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Id.* As this Court has determined that Petitioner is not entitled to habeas corpus relief, it must now consider whether Petitioner is entitled to a certificate of appealability.

appealability ("COA").   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    The Florida Attorney General is **DISMISSED** as a named Respondent.

2.    Claim Two of the 28 U.S.C. § 2254 petition for habeas corpus is **DISMISSED**; the remaining claims are **DENIED**.

3.    Petitioner is **DENIED** a certificate of appealability.

4.    The Clerk of Court is directed to terminate any pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of September, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: Carlos Ortiz
Counsel of Record